DargaN, Ch.
delivered the opinion of the Court.
I cannot divest myself of an impression, that the defendant, James B. ( ampbell, has not had a full measure of justice in the account stated by the Commissioner against him; this impression is founded, however, upon his own exparte representations, which have not been submitted in the proper manner to a judicial examination. From these (if they could be received) it would seem that he has been charged with more rents and profits, for the Theatre, than he has actually received, and has not been allowed disbursements for repairs, &c. It is to be regretted, if the result of the case should be injustice to Mr. Campbell ; but if parties in Court will peril their rights, by a course of procedure which should prove not to be in accordance with the rules of practice and pleadings, it cannot be a matter of just complaint, and the responsibility must rest upon themselves. It appears that the defendant, though advertised of the reference, did not exhibit his accounts and his evidence to the Master, but objected to his authority to hold a reference, and chose to rest his case on the validity of that objection. This constitutes the gravamen of his first and second exceptions to the Master’s report, and are also grounds of appeal from the decree of the Chancellor confirming that report.
*94 In the first decree, in 1844, which has been pronounced in this cause, the appellant was held liable for the rents and profits of the Theatre, from the date of his purchase, in March 1842, and it was referred to the Master to take an account of the same. The Court of Appeals, at Jan’y. Term, 1846, modified this decree, but in a manner not affecting the merits of this question — “ all the Court are of the opinion,” (says Chancellor Dunkin in delivering the judgment of the Court of Appeals,) “that the accounts for rents and profits cannot be carried beyond the period when the demand was made, to wit: the 31st October, 1843. In this respect the decree is modified. In all other matters the decree of the Circuit Court is affirmed, and the appeal dismissed.”. This decree, clearly, does not recall the order of reference, and neither does the subsequent circuit decree of Chancellor Johnston, have that effect. This last mentioned decree, after ordering the property mortgaged (to wit: the Theatre,) to be sold, by Mr. Gray, for cash, &c. and the proceeds applied to the debt secured by the mortgage, proceeds to provide, “ if there be any surplus, after paying the said demands, that the same be paid over to the said Campbell as the owner of the equity of redemption. But in case the purchase money do not suffice to pay off the said demands, then the rents and profits received by the said Campbell, since the demand of possession made on him, be applied to that purpose, and that Mr. Gray do take an account of the rents and profits for the benefit of the parties entitled to have the same so applied,” &c.
This Court is of opinion that the decree is not inconsistent with, and does not modify, or mean to modify, the previous order of reference, which had in fact the sanction of the Court of Appeals, and that the order of reference was unre-voked and in full effct at the time that Mr. Gray summoned the defendant before him to account. It is true that Mr. Campbell could not have been called on to pay the amount found due by him, before a sale of the mortgaged property, but the decree had subjected him to a contingent and probable liability. The examination of his accounts, with a view to that liability, when the state of things should happen, on which it was to depend, is an entirely different matter.— There was a decree to that effect, and there was no inconsistency or irregularity in it. The commissioner then had authority to hold his reference. And as to the objection, that the appellant was never notified to attend but one reference, it appears that only one was ever held. The decree of the Chancellor was correct in overruling the first and second exceptions to the Master’s report.
As to the facts stated and assumed in the third exception to the Master’s report, they were not properly before the Chancellor, neither are they properly before this Court.— *95 They are facts that the defendant ought to have made to appear before the Master on the reference. .But there he i withheld all evidence and showing ; assuming the position that there was no authority for the taking of the account.— On the matter of account, ordered to be referred, new facts or evidence, not before the Master, are not admissible on a hearing of exceptions to his report by the Chancellor. And much less are they admissible in this Court on an appeal from the decree of the Circuit Court upon the exceptions. It is objected to the account taken by the Master, because it was supported only by the evidence of W. C. Forbes, a witness examined by commission, and the evidence is objected to, on two grounds. First, that the commission was issued before the decretal order of reference, and at a time when the Master was not authorized to hold a reference. But the rule of practice is, that a commission to examine witnesses may issue at any time after the filing of the bill, upon matters of litigation, that are anticipated in the progress of the trial. — • And this is in substance the 19th Rule of Court. Any other rule than this, surely, would operate mischeviously upon the rights of parties before the Court, particularly when witnesses are aged and infirm or transient. The second objection to this evidence is, that, it was directed to and executed by one commissioner only. This would have been a fatal objection if taken at the proper time. If the defendant, who was duly notified, had attended the reference, and then made this objection, it would have prevailed. And if over ruled, it would on appeal have been corrected. The evidence, though irregular as to the form of the procedure by which it was taken, is yet that of a competent witness, and being admitted by the default of the defendant, it could not constitute a valid ground of exception to the Master’s report.
It might as well be contended that a defendant with an order ■pro confesso against him, should, after final decree, question that decree, on the ground that there was irregularity in the manner of taking the evidence.
In regard to the 4th ground of exception, it may be remarked that the Master, as to the receipts of the last season, while the defendant had possession of the Theatre, acted on the presumption that the last had been as profitable as the preceding season. This was in the absence of better and positive testimony; this kind of testimony was resorted to, in consequence of the refusal of the defendant to account or make any exhibition. He had it in his power to explain, but did not explain, but utterly refusing to do so, said to the opposite party in effect, “ go on and prove your case.” And I do not think that after they have proved it by presumptive testimony, and the case has been tried and found against him, that it lies with him to say, you might have proved it *96 by better testimony, which it was in his power to produce.
This Court is of the opinion, that the defendant ought to been charged with interest only from the 18th of November, instead of March, on the annual receipts of the rents and profits : but will not send the case back to the Master for the correction of an error in the calculation, which can so easily be corrected here. The difference in the interest account, will be eighty-one dollars ; this is to be deducted from the amount reported to be due by the defendant, James B. Campbell, reducing his indebtedness to the sum of three thousand two hundred and fifty-four dollars ; the principal seems to bear interest fiom the first of March, 1847.
To this extent the decree is modified, in all other respects it is affirmed.
Donkin, Ch. and Caldwell, Ch. concurred.

Decree modified.